J-A24033-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
CHARLES A. BELLON :
:
Appellant : No. 137 WDA 2020

Appeal from the Judgment of Sentence Entered January 10, 2020
in the Court of Common Pleas of Blair County
Criminal Division at No(s): CP-07-CR-0001272-2002

BEFORE: BENDER, P.J.E., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: **FILED FEBRUARY 23, 2021**

Charles A. Bellon ("Bellon") appeals from the judgment of sentence imposed following his convictions of eleven counts of possession with intent to deliver a controlled substance ("PWID"), two counts of corrupt organizations, and one count each of conspiracy, criminal use of a communication facility, and dealing in unlawful proceeds.[1] We affirm.

This Court previously summarized the lengthy procedural history of this case as follows:

> On May 9, 2002, the Pennsylvania Office of Attorney General [] filed a criminal [C]omplaint charging [Bellon] with 23 offenses, including: seventeen counts of possession with intent to deliver a controlled substance [], two counts of corrupt organizations, and one count each of criminal conspiracy, criminal use of a communication facility, dealing in unlawful proceeds, and simple

---

[1] 35 Pa.C.S.A. § 780-113(a)(30); 18 Pa.C.S.A. §§ 911(b)(3), (b)(4), 903(a)(1), 7512(a)(1), 5111(a)(1).

assault. [Bellon]'s charges stemmed from his involvement in a large-scale drug dealing operation conducted throughout Blair County and several surrounding counties from 1997 through 2001.

[Bellon] initially entered into a negotiated plea agreement whereby he pled guilty to seven counts of PWID in exchange for the Commonwealth's withdraw[al of] all [] the remaining charges and recommend[ation of] a sentence of 20 to 40 years [in prison]. However, prior to his sentencing hearing, [Bellon] filed a [M]otion to withdraw his plea. The trial court denied that [M]otion and sentenced [Bellon] to 20 to 32 years [in prison]. On appeal to [this] Court, we concluded that [Bellon]'s presentence [M]otion to withdraw his plea should have been granted. Accordingly, we reversed his judgment of sentence and remanded for trial. *Commonwealth v. Bellon*, 864 A.2d 574 (Pa. Super. 2004) (unpublished memorandum[ at 1-2]).

Upon remand, [Bellon] proceeded to a jury trial and, on August 7, 2006, he was convicted of eleven counts of PWID, two counts of corrupt organizations, and one count each of conspiracy, criminal use of a communication facility, and dealing in unlawful proceeds. On April 5, 2007, [Bellon] was sentenced to an aggregate term of 31 to 62 years [in prison], followed by 10 years' probation. [In particular, at ten of the PWID convictions, Bellon was sentenced to a period of 7 to 14 years in prison.] On April 18, 2011, this Court affirmed his judgment of sentence. *Commonwealth v. Bellon*, 29 A.3d 836 (Pa. Super. 2011) (unpublished memorandum[ at 1-4]).

[Bellon] filed a *pro se* [Post Conviction Relief Act[2] ("PCRA")] [P]etition on September 30, 2011. Counsel was appointed and filed an [A]mended [P]etition on [Bellon]'s behalf. New counsel subsequently entered his appearance and was granted leave to file, and did file, two more [A]mended [P]etitions. After conducting an initial hearing to ascertain the precise issues [Bellon] was raising, the PCRA court conducted an evidentiary hearing on August 23, 2012. On August 26, 2013, the [PCRA] court issued an order and a 72-page opinion denying [Bellon]'s [P]etition.

_____

[2] *See* 42 Pa.C.S.A. §§ 9541-9546.

[This Court affirmed, and Bellon] filed a [P]etition for allowance of appeal, which our Supreme Court denied. [*See Commonwealth v. Bellon*, 106 A.3d 154 (Pa. Super. 2014) (unpublished memorandum at 1-3); *see also*] *Commonwealth v. Bellon*, 109 A.3d 677 (Pa. 2015).

[Bellon,] *pro se*[,] filed [his second] PCRA [P]etition [] on July 7, 2015, claiming his sentence was illegal based on the United States Supreme Court's holding in [*Alleyne v. United States*, 570 U.S. 99 (2013)[3]]. …

The PCRA court appointed counsel, and counsel filed an [A]mended [P]etition on January 25, 2016. …

Thereafter, [Bellon filed numerous *pro se* filings, despite being represented by counsel. The PCRA court ordered the Prothonotary not to accept any *pro se* filings from Bellon]. On August 22, 2016, the PCRA court held a hearing pursuant to *Commonwealth v. Grazier*, 713 A.2d 1 (Pa. 1998). The PCRA court granted [Bellon]'s [M]otion to proceed *pro se* and permitted counsel to withdraw.

On January 27, 2017, the PCRA court held a hearing on the timeliness of [Bellon]'s PCRA [P]etition. … On July 13, 2018, the PCRA court dismissed [Bellon]'s PCRA [P]etition as untimely filed. [Bellon] filed a [N]otice of [A]ppeal [to this Court].

*Commonwealth v. Bellon*, 227 A.3d 426 (Pa. Super. 2018) (unpublished memorandum at 1-7) (footnotes added, some citations omitted).

Contemporaneous with his second PCRA Petition, on May 1, 2015, Bellon, *pro se*, filed a *habeas corpus* Petition in the United States District Court for the Western District of Pennsylvania. Bellon was appointed counsel, who

---

[3] In *Alleyne*, the United States Supreme Court held that any fact that, by law, increases the penalty for a crime must be treated as an element of the offense, submitted to a jury, rather than a sentencing judge, and found beyond a reasonable doubt. *Alleyne*, 570 U.S. at 115-16.

subsequently filed an Amended Petition. In federal court, Bellon claimed, *inter alia*, that, at ten of his PWID convictions, his maximum sentences were illegal, as they exceeded the statutory maximum of ten years in prison.[4] **See** 35 P.S. § 780-113(f)(1.1) (effective January 18, 2005 to April 18, 2010) (providing that anyone found guilty under the subsection "shall be sentenced to imprisonment not exceeding ten years[.]").

The District Court assigned the case to a federal district magistrate. On August 15, 2019, the federal district magistrate issued a Report and Recommendation, concluding that ten of Bellon's PWID sentences were illegal because Bellon's maximum sentence of 14 years exceeded the 10-year statutory maximum sentence.

On September 27, 2019, the District Court adopted the magistrate's Report and Recommendation. **See Bellon v. Ferguson**, Case No. 3:15-cv-131-KRG-KAP, Memorandum Order, 9/27/2019, at 1-2. The District Court denied in part, and granted in part, Bellon's *habeas corpus* Petition. **Id.** Specifically, the District Court stated that all of Bellon's prior counsel were ineffective for failing to argue that Bellon's sentence was illegal, where Bellon's sentences for ten of his PWID convictions exceeded the statutory maximum of 10 years. **Id.** Accordingly, the District Court issued an Order stating that

---

[4] Bellon was convicted of eleven counts of PWID. At ten of these convictions, the trial court sentenced Bellon to 7 to 14 years in prison. At his eleventh remaining PWID conviction, Bellon was sentenced to a period of 3 to 6 years in prison.

a writ of *habeas corpus* "shall issue if within 120 days the Court of Common Pleas of Blair County does not impose a new judgment of sentence in which the maximum sentence as to [the ten PWID convictions] is 10 years." *Id.*

Before the trial court, the Commonwealth filed a Memorandum requesting that the trial court amend Bellon's maximum sentences for the 10 PWID convictions from 14 years to 10 years in prison.[5]  Bellon filed a Memorandum in response, in which he argued that imposing a new sentence, without holding a fully-litigated sentencing hearing, would be illegal.  The trial court rejected Bellon's arguments, and, on January 16, 2020, the trial court issued an Order that altered the maximum sentences at 10 of Bellon's PWID convictions from 14 years to 10 years.  Further, the Order reflected that Bellon's adjusted aggregate sentence was a period of 31 to 46 years in prison.

_____

[5] Bellon's appeal from the dismissal of his second PCRA petition was still pending before this Court at the time the District Court granted Bellon *habeas corpus* relief.  The Commonwealth requested that this Court temporarily remand the PCRA appeal to the trial court for the limited purpose of conforming the judgment of sentence to the District Court's Order.  On November 8, 2019, this Court granted the Commonwealth's application and remanded the case to the trial court for the limited purpose of conforming Bellon's maximum sentence in accordance with the District Court's Order.  Order, 11/08/19, at 1-2.  This Court further ordered that "the PCRA court shall return the record to this Court for a determination of the claims raised in Bellon's pending PCRA appeal." *Id.*  Subsequently, Bellon's PCRA appeal returned to this Court, and on February 18, 2020, this Court affirmed the PCRA court's Order dismissing Bellon's second PCRA Petition. *See Bellon*, 227 A.3d 426 (unpublished memorandum at 11).  On September 22, 2020, our Supreme Court denied Bellon's Petition for allowance of appeal. *See Commonwealth v. Bellon*, 283 A.3d 1169 (Pa. 2020).

Bellon filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal.

Bellon now raises the following claims for our review:

1. Where, after a federal court ordered the [trial] court to vacate Bellon's judgment of sentence and impose a new sentence, did the [trial] court impose an illegal sentence when it applied a mandatory minimum sentence that is no longer legal?

2. Did the state court also impose an illegal sentence when it resentenced Bellon without holding a fully litigated sentencing hearing?

Brief for Appellant at 4.

In his first claim, Bellon claims that the trial court's reimposition of his 7-year mandatory minimum sentence pursuant to 18 Pa.C.S.A. 7508 was illegal, where 18 Pa.C.S.A. § 7508 is no longer constitutional. Brief for Appellant at 9. Bellon relies on *Alleyne* and several cases from this Court which found Section 7508 to be unconstitutional. *Id.* Bellon argues that, when the District Court ordered the trial court to change Bellon's maximum sentence, the trial court was obligated to change his mandatory minimum sentence because Section 7508 was no longer constitutional. *Id.* at 9-10. Bellon asserts that the District Court vacated his prior pre-*Alleyne* sentence. *Id.* at 10-11. Further, Bellon argues that his newer sentence is post-*Alleyne* and, therefore, his new sentence cannot be subject to unconstitutional pre-*Alleyne* statutes. *Id.*

At the outset, we must determine whether, by granting *habeas corpus* relief, the District Court *vacated* Bellon's sentence. "[F]ederal *habeas*

- 6 -

directives to state authorities are designed to be coercive [and, t]hus the federal courts issue a 'conditional' grant of the writ, which delays implementing the writ … to allow the state the opportunity to correct the perceived constitutional violation." *Commonwealth v. Lesko*, 15 A.3d 345, 364 (Pa. 2011) (citing *Henderson v. Frank*, 155 F.3d 159, 168 (3d Cir. 1998). Additionally, federal *habeas* relief "should be narrowly designed to enable the state court to fulfill its constitutional obligation." *Id.* at 365; *see also id.* (observing that "federal courts have most often granted [*habeas* relief] that has required the **least intervention** into the state criminal process.") (emphasis added). Our Supreme Court has explained that when a defendant is awarded federal *habeas* relief, "[a]ll other aspects of the original judgment remain as before—**final**." *Id.* at 366 (emphasis in original).

Here, the Federal District Court's Order specifically provided as follows:

> [I]t is ORDERED that [Bellon's] petition for a writ of *habeas corpus* is granted in part and denied in part as recommended in the Report and Recommendation [and] is adopted as the [O]pinion of the [c]ourt. A writ of *habeas corpus* shall issue if within 120 days the Court of Common Pleas of Blair County does not impose a new judgment of sentence *in which the maximum sentence as to* [*the 10 PWID convictions*] *is 10 years*."

*Bellon v. Ferguson*, Case No. 3:15-cv-131-KRG-KAP, Memorandum Order, 9/27/2019, at 2 (emphasis added).

The District Court *did not* vacate Bellon's sentence, but rather, ordered the correction of only the maximum sentences.[6] ***See Bellon v. Ferguson***, Case No. 3:15-cv-131-KRG-KAP, Memorandum Order, 9/27/2019, at 2; ***see also Lesko***, ***supra***. Consequently, Bellon cannot retroactively receive the benefit of ***Alleyne***, because he was not sentenced "post-***Alleyne***." Rather, his sentence was tailored to comport with the statutes in effect in 2007. ***See Bellon v. Ferguson***, ***supra***; ***see also Commonwealth v. Washington***, 142 A.3d 810, 820 (Pa. 2016) (stating that ***Alleyne*** does not apply retroactively); ***Commonwealth v. Bellon***, 106 A.3d 154 (Pa. Super. 2014) (unpublished memorandum at 30) (stating that ***Alleyne*** does not apply retroactively to Bellon). Accordingly, we cannot grant Bellon relief on this claim.

In his second claim, Bellon asserts that his sentence is illegal because the trial court failed to afford him a fully-litigated sentencing hearing when it reduced his maximum sentences from 14 years to 10 years. Brief for Appellant at 11-12. Bellon argues, again, that the District Court vacated his sentence in its entirety and, therefore, he is entitled to a new sentencing hearing. ***Id.*** at 11-13. Bellon contends that the trial court effectively denied him his right to allocution by "merely chang[ing] some numbers" of his sentence. ***Id.*** at 12-14.

---

[6] The Federal District Court specifically granted Bellon relief on his challenges to the maximum sentences imposed at 10 of his PWID convictions. In doing so, the District Court granted Bellon relief that allowed the *least intervention* possible. ***See Lesko***, ***supra***.

As we discussed *supra*, the District Court did not vacate Bellon's sentence. ***See Bellon v. Ferguson***, Case No. 3:15-cv-131-KRG-KAP, Memorandum Order, 9/27/2019, at 2; ***see also Lesko***, ***supra***. Instead, the District Court *specifically* granted *habeas corpus* relief in the form of reducing Bellon's 14-year maximum sentences to 10-year maximum sentences. ***See Bellon v. Ferguson***, Case No. 3:15-cv-131-KRG-KAP, Memorandum Order, 9/27/2019, at 2. Accordingly, Bellon's claim is belied by the record, and we can grant Bellon no relief on this claim.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/23/2021